Darius A. Marzec, Esq. - 026492006
MARZEC LAW FIRM, PC
225 Broadway, Suite 3000
New York, New York 10007
(212) 267-0200
(718) 841-7508 Fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| MACIEJ GORSKI, individually and on behalf of all other persons similarly situated who were employed by NJ NEC, Inc. and/or any other entities affiliated with or controlled by NJ NEC, INC., <br><br> Plaintiffs, <br><br> - against – <br><br> NJ NEC, INC., DARIUSZ CZYZEWSKI, JOHN DOES 1-5 and JANE DOES 1-5, <br><br> Defendants. | Civil Case No.: <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE/ CLASS ACTION |

---

1. Plaintiff Maciej Gorski ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through their attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, NJ NEC, INC. ("NJ NEC" or "Corporate Defendant") and DARIUSZ CZYZEWSKI, ("Individual Defendant"), collectively, ("Defendants") alleges as follows:

**NATURE OF THE ACTION**

2. Plaintiff, on behalf of himself and other similarly situated, brings this action to recover unpaid wages, unpaid overtime wages, damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), and the New Jersey State Wage and Hour Act (N.J.S.A. 34:11-56a et seq.).

1

3. Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract, unjust enrichment, fraud by certain or all Defendants and against the Individual Defendant for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiffs and others similarly situated of wages they rightfully earned working for the Corporate Defendant.

4. Plaintiff, along with others similarly situated, was, for all times relevant to this Complaint, employed as an electrician for Defendants, a position for which he was paid hourly and that is not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") or the New Jersey State Wage and Hour Act.

5. The Defendants engaged in services relating to electric / electrical contracting work, in New Jersey. Jobs performed by Defendants involved public jobs where prevailing wages were to be paid. By failing to pay prevailing wages to Plaintiffs and the similarly situated, the Defendants committed a massive fraud against New Jersey State, its taxpayers and departments.

6. At all times relevant to this action, Defendants implemented and enforced unlawful policies and practices in violation of the federal law and state law by failing and refusing to pay Plaintiff overtime pay for overtime worked, notwithstanding that Plaintiff was paid hourly, was not exempt and was entitled to payment for overtime pay.

7. At all times relevant to this action, Defendants maintained policies and practices where they failed to keep accurate time records and whereby Plaintiff was not paid overtime pay in violation of federal law and state law.

8. Defendants' practices as alleged herein violated FLSA, 29 U.S.C. § 201 et seq. and New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a et seq.

## PARTIES

9. Plaintiff, a citizen of New Jersey with an address of 24B Cambridge Avenue, Garfield, NJ 07026, was employed with Defendants from on or about 2007 to August 31, 2016. During the course of his employment, he served as a fulltime employee in the position of electrician for Defendant NJ NEC, INC.

10. Defendant NJ NEC, Inc. is a business corporation doing business in the State of New Jersey with the address of 60 Palisade Avenue, Garfield, NJ 07026.

11. Defendant DARIUSZ CZYZEWSKI is an individual with the last known business address of 60 Palisade Avenue, Garfield, NJ 07026.

12. Dariusz Czyzewski is the owner, shareholder, officer, director, and/or Manager of the Corporate Defendant, and as ones of the ten largest shareholders is individually responsible for unpaid wages under New Jersey Law and otherwise.

13. John Does 1-5 and Jane Does 1-5 are yet unknown individual defendants, supervisors, managers and agents, to be added as Defendants in the future.

## JURISDICTION AND VENUE

14. The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is incorporated in the State of New Jersey and is authorized to do business in the State of New Jersey and regularly conducts business in New Jersey.

15. The Court has personal jurisdiction of the Individual Defendant in that he is a citizen of New Jersey and regularly transacts a substantial amount of business and has substantial contacts in New Jersey.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

17.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

18.     The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiffs' claims occurred in this district, and defendants are residents of the district.

## JURY DEMAND

19.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

20.     From on or about 2007 to on or about August 31, 2016, Plaintiff was employed by the Defendants as a full-time electrician.

21.     The Defendants were solely responsible for hiring, firing, supervising and paying Plaintiff.

22.     At all times mentioned herein, Plaintiff performed his duties satisfactorily for Defendants throughout his employment.

23.     Plaintiff was to be paid no less than $18.00 per hour.

24.     Except as otherwise stated herein, at no time was the Plaintiff paid proper overtime wages.  In fact, Plaintiff was not paid at all for part of his employment.

25.     Only during 2016, for a week or two, was Plaintiff compensated at a rate equal to an overtime rate for those select weeks.

26.     Plaintiff and others similarly situated worked for the defendants, where Plaintiff and others similarly situated worked in excess of 40 hours per week, working a minimum of 45 hours per week.

4

27. During most weeks, Plaintiff, and others similarly situated, worked up to 70 hours per week.

28. On average over the relevant period, Plaintiff worked 55 hours per week.

29. Despite regularly working in excess of 40 hours per week, Plaintiff (and others similarly situated) was never paid the proper overtime rate of one-and-half times their regular hourly rate for her hours in excess of 40 per week.

30. Despite the number of hours worked, Plaintiff was paid for only forty (40) hours per week, and often, not even paid for those hours.

31. Other similarly situated employees were, too, paid for only 40 hours maximum per week and no time and a half for overtime, when they were actually paid.

32. Defendants failed to pay overtime and hourly compensation owed to Plaintiff pursuant to the applicable provisions of the FLSA and New Jersey Wage and Hour Law.

33. The Defendants engaged in services relating to electrical contracting work, in New Jersey. Jobs performed by Defendants involved public jobs where prevailing wages were to be paid. By failing to pay prevailing wages to Plaintiffs and the similarly situated, the Defendants committed a massive fraud against New Jersey State, its taxpayers and departments.

34. Plaintiffs and others similarly situated employees were employed by the Corporate Defendant and worked various per week, but were not compensated properly for the hours they worked and the overtime hours worked. They were not paid proper prevailing wages.

35. The public works projects worked on by Plaintiff and others similarly situated included various public facilities, including, but not limited to, museums, and venues located in Wayne, Piscataway, and Trenton.

36. Plaintiff is suing on behalf of all other employees similarly situated. During the statutory period as alleged herein, there were approximately fifty (50) additional employees working as electricians. These employees were similarly not paid for overtime wages at a proper rate and all hours worked.

**Defendants' Conduct was and is Willful and Ongoing**

37. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records. The Defendants have an obligation to pay prevailing wages as well on public works and public projects.

38. Defendants were aware of their statutory requirements, including the requirement to pay Plaintiffs and others similarly situated at the overtime premium rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

39. Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records.

40. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

41. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

42. Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

43. From time to time, Defendants would fail to pay the wages due to Plaintiffs and others similarly situated, and would pay these wages late or not at all.

**Facts Relating to the Defendants as Employer**

44. At all relevant times herein, the Corporate Defendant was and is controlled by the Individual Defendant.

45. At all relevant times herein, the Individual Defendant conducted business as the Corporate Defendant.

46. At all relevant times herein, the Individual Defendant acted for and on behalf of the Corporate Defendant, with the power and authority vested in him as owner, office and agent of the Corporate Defendant, and acted in the course and scope of his duty and function as agent and officer of the Corporate Defendant.

47. At all relevant times herein, the Individual Defendant directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks for Plaintiffs—or directing payroll through other agents—and others similarly situated.

48. The Individual Defendant had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

49. At all relevant times herein, the Individual Defendant had operational control over the Corporate Defendant.

50. As a matter of economic reality, all Defendants are joint employers of Plaintiffs and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil**

51. Upon information and belief, the Corporate Defendant is wholly owned by the Individual Defendant.

52. Upon information and belief, in conducting the affairs of the Corporate Defendant, the Individual Defendant failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

53. Upon information and belief, the Individual Defendant used the assets of the Corporate Defendant as his own, and otherwise commingled personal assets with the assets of the Corporate Defendant.

54. As alleged herein, the Individual Defendant used the Corporate Defendant in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

55. Upon information and belief, the Corporate Defendant was used to commit fraud against Plaintiffs and others similarly situated.

56. The Corporate Defendant is the alter-ego of the Individual Defendant; and, as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, the Corporate Defendant has no separate legal existence from the Individual Defendant. As such, the Corporate Defendant and the Individual Defendant, individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and New Jersey Wage and Hour Law with respect to their work for Defendants.

58. Upon information and belief, this class of persons consists of not less than 50 persons.

59. There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and New Jersey Wage and Hour Law. Only the amount of individual damages sustained by each former or current employee will vary.

60. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper overtime wages and regular wages under the FLSA and New Jersey Wage and Hour Law.

61. Plaintiff brings the FLSA and New Jersey Wage and Hour Law claims for relief herein individually and all others similarly situated as collective action pursuant to the FLSA and New Jersey Wage and Hour Law, in respect to all claims that Plaintiff and all others similarly situated have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

62. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and New Jersey Wage and Hour Law with respect to their work for Defendants.

63. Upon information and belief, this class of persons consist of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

64. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of

Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and New Jersey Wage and Hour Law. Only the amount of individual damages sustained by each class member will vary.

65. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

66. Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23 (b)(3).

68. Plaintiff brings the first, second, third, fourth, fifth and sixth claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiff and all others similarly situated have against the Defendants as a result of Defendants' violation of the FLSA and New Jersey Wage and Hour Law.

### First Claim for Relief
### Breach of Contract

69. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

70. Plaintiff and others similarly situated entered into a contract with Defendants to supply work as electricians in furtherance of Defendants' business in exchange for hourly wages.

71. Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreements with Defendants, and were therefore entitled to the wages they earned while working for Defendants.

72. Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which they were entitled under their employment agreement.

73. Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which they were entitled under their employment agreements constituted a breach of such employment agreements.

74. By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount they should have been paid as contemplated by their employment agreements, less amounts they actually were paid, together with interests, costs, disbursements, and attorneys' fees.

## Second Claim for Relief – Unpaid Wages and Overtime
## Fair Labor Standards Act – 29 U.S.C. 201 et seq.

75. Plaintiff repeats and realleges each and every allegation previously set forth herein.

76. Plaintiff brings this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. §§ 206, 207 and 216(b), and the Wage Orders issued under FLSA at 29 C.F.R. § 553.

77. At all times relevant to this action, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(d).

78. At all times relevant to this action, Defendants employed Plaintiff within the definition of the FLSA 29 U.S.C. § 203(e)(1).

79. At all times relevant to this action, Defendants had gross operating revenues in excess of $500,000.00 thereby falling within the jurisdiction of FLSA 29 U.S.C. § 203(s)(1)(A) and (ii).

80. Plaintiff consents to sue in this action pursuant to the FLSA.

81. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1½ the regular rate of pay for work performed in excess of forty (40) hours in a work week.

82. Plaintiff was paid hourly and not exempt from the right to receive overtime pay under the FLSA.

83. At all times relevant to this action, Defendants had a policy of willfully failing to make overtime payments for hours worked in excess of forty (40) hours per week.

84. As a result of Defendants' failure to compensate Plaintiff at a rate not less than 1½ time the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated and continue to violate FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

85. Defendants failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 255(a).

86. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff and others similarly situated, seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages

actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

### Third Claim for Relief – Unpaid Wages and Overtime
### New Jersey State Wage and Hour Law N.J.S.A. 34:11-56a et seq.

88. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

89. At all times relevant to this action, Plaintiffs and all others similarly situated were employed by Defendants, within the meaning of N.J.S.A. 34:11-56a1 and the regulations thereunder including N.J.A.C. 12:56-2.1.

90. Pursuant to the New Jersey State Wage and Hour Law, Plaintiffs and all others similarly situated were entitled to certain overtime wages, which Defendants intentionally failed to pay in violation of such laws.

91. Plaintiffs and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtimes wages to which they were entitled.

92. Defendants failed to appraise Plaintiffs and all others similarly situated of their rights under New Jersey State Wage and Hour Law.

93. Defendants failed to furnish Plaintiffs and all others similarly situated with a statement with every payment of wages listing gross wages, deductions and net wages,

94. Defendants failed to keep true and accurate records of hours worked by each employee, including Plaintiff and all others similarly situated, covered by a proper hourly wage rate, in contravention of N.J.S.A. 34:11-56a20.

95. Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of N.J.S.A. 34:11-56a20.

96. At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated overtime wage at rates of at least 1.5 times their regular rate of pay for each and all hours he worked in excess of forty hours in a week, in violation of N.J.S.A. 34:11-56a4.

97. Due to Defendants' New Jersey State Wage and Hour Law violations, Plaintiff and all others similarly situated are entitled to recover from Defendants, their unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56a25.

98. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Fourth Claim For Relief – Prevailing Wages**
**New Jersey State Wage and Hour Law N.J.S.A. § 34:11-56a25.1 et seq.**

99. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

100. Plaintiff brings this claim for relief pursuant to the applicable provisions of the Prevailing Wage Act ("PWA") N.J.S.A. § 34:11-56a25.1.

101. At all times relevant to this action, Defendants were an individual, partnership, association, corporation and/or person or group of persons acting directly or indirectly in the interest of an employer in relation to its employee within the meaning of the PWA, NJSA 12:56-2.1.

102. At all times relevant to this action, Defendants employed Plaintiff within the definition of the PWA, NJSA 12:56-2.1.

103. The PWA requires each covered employer such as Defendants to compensate all non-exempt employees at the prevailing wage rates mandated by N.J.S.A. 34:11-56.40.

104. At all times relevant to this action, Plaintiff provided services to Defendants as a full-time employee on various government financed public works projects and was therefore, not exempt from the right to receive the prevailing wage rate under the PWA.

105. At all times relevant to this action, Defendants failed to compensate Plaintiff at the prevailing wage rate in violation of the PWA.

106. As a result of Defendants' failure to compensate Plaintiff at a rate below the prevailing wage rate, Defendants violated the PWA, N.J.S.A. § 34:11-56a25.1.

107. Defendants had a policy of willfully failing to pay Plaintiff at the prevailing wage rate mandated by N.J.S.A. 34:11-56.40.

108. Defendants' conduct as alleged herein constitutes a willful violation of the PWA within the meaning of N.J.S.A. § 34:11-56a25.1.

109. Plaintiff seeks a judgment to recover the full amount of the statutory wages owed him, less any amount actually paid to Plaintiff by Defendants together with costs and such reasonable attorney's fees as may be allowed by the court as provided by the New Jersey Prevailing Wage Act.

### Fifth Claim for Relief
### Quantum Meruit

110. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

111. Plaintiff and all others similarly situated performed work and services for Defendants.

112. Plaintiff and all others similarly situated had a reasonable expectation of payment for the hours they worked for the Defendants.

113. Defendants failed to remunerate Plaintiff and all others similarly situated for all the hours they worked.

114. Defendants failed to pay Plaintiff and all others similarly situated an overtime rate of pay for all the hours they worked.

115. Plaintiff and others similarly situated are entitled to be paid for a reasonable value of their services less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

### Sixth Claim for Relief
### Fraud

116. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

117. At the times alleged herein, Defendants made fraudulent representations of fact to Plaintiff and all others similarly situated.

118. The misrepresentations included, but were not limited to, Defendants telling Plaintiff and all others similarly situated that they would be paid all wages due, including overtime wages.

119. The misrepresentations include Defendants telling Plaintiff they would be paid overtime wages for hours worked above and beyond the initial 40 hours worked in a given week.

120. Defendants also told Plaintiff that there would be work for him and to wait until further instructions and come to work, when they knew that no further work was forthcoming.

121. Defendants' misrepresentation of the intent to perform was a knowing misrepresentation of a material fact.

122. Plaintiff relied on the Defendants' misrepresentation to his detriment.

123. Upon the misrepresentation, Plaintiff and all others similarly situated continued working for Defendants.

124. Defendants committed fraud against Plaintiff and all others similarly situated by failing to pay them all wages due.

## Seventh Claim for Relief
## Unjust Enrichment

125. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

126. Despite Plaintiff's demand for payment of unpaid wages, unpaid overtime wages, and unpaid wages along with other amounts due, the Defendants have refused to make Plaintiff whole.

127. Defendants have been enriched by Plaintiff's labor, not paying wages, overtime wages, and the prevailing wage rate of pay to Plaintiff.

128. It is against equity and fairness for Defendants to refuse to pay proper wages to Plaintiff.

129. The circumstances are such that equity and good conscience require Defendants to make restitution in the amount due to Plaintiff.

130. Wherefore, Plaintiff demands a money judgment in an amount proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

(1) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.;

(2) As to the First Claim for Relief, award Plaintiff, and all others similarly situated, damages arising out of the breach of contract;

(3) As to the Second Claim for Relief, award Plaintiff, and all others similarly situated, their unpaid wages and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(4) As to the Third Claim for Relief, award Plaintiff, and all others similarly situated, their unpaid wages and overtime wages due under the New Jersey Wage and Hour Law, together with costs and attorneys' fees pursuant to N.J.S.A. 34:11-56a25;

(5) As to the Fourth Claim for Relief, award Plaintiff, and all others similarly situated, the full amount of the statutory wages owed to Plaintiff less any amount actually paid to Plaintiff by Defendants together with costs and such reasonable attorney's fees as may be allowed by the court as provided by the New Jersey Prevailing Wage Act;

(6) As to the Fifth Claim for Relief, award Plaintiff, and all others similarly situated, the quantum meruit value of their labor;

(7) As to the Sixth Claim for Relief, award Plaintiff, and all others similarly situated, damages arising out of Defendants' fraud;

(8) As to the Seventh Claim for Relief, award Plaintiff damages for arising out of the unjust enrichment of the Defendants;

(9) Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(10) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(11) An award of punitive damages for Defendants' willful violation of the FLSA;

(12) Award postjudgment interest pursuant to 28 U.S.C. § 1961;

(13) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and N.J.S.A. 34:11-56a25.

(14) Award Plaintiff all other relief requested in this Complaint; and

(15) Award Plaintiff other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       February 16, 2017

Respectfully submitted,

**MARZEC LAW FIRM, PC**

By:    __/s/ Darius A. Marzec_____
       Darius A. Marzec, Esq.
       Attorney for Plaintiff
       MACIEJ GORSKI AND OTHERS
       SIMILARLY SITUATED
       225 Broadway, Suite 3000
       New York, NY 10007
       (212) 267-0200
       dmarzec@marzeclaw.com